IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

RANDALL ALLEN MURRAY,

        Petitioner,

        v.                                CASE NO. 15-3262-SAC

Warden, Ellsworth
Correctional Facility,

        Respondent.

**MEMORANDUM AND ORDER**

Randall Murray, a state inmate, filed this pro se petition for writ of habeas corpus under 28 U.S.C. § 2254. He seeks to challenge his 1983 conviction in Wyandotte County District Court. The court screened this petition under HC Rule 4[1] to determine if petitioner's claims were exhausted and the petition was timely filed as well as whether or not a responsive pleading should be required. In doing so, the court reviewed the federal petition and attachments, petitioner's prior 2254 case, and any available written opinions of the state courts relating to Mr. Murray's convictions. The court has also reviewed relevant legal authority in an effort to determine whether or not the instant petition should be summarily dismissed on the merits. The court finds that a show cause order must issue requiring

---

[1] Pursuant to Rule 4 of the Rules Governing Section 2254 Cases, 28 U.S.C. foll. § 2254, (HC Rule 4) the court is obliged to review habeas petitions promptly and to summarily dismiss a petition "[i]f it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief."

respondent to answer the petition and giving petitioner time to submit a Traverse. See HC Rule 5. In addition, the court sets out special questions herein that respondent must address in the Answer and Return and that petitioner must address in his Traverse or in Petitioner's "Response to Special Questions" if he decides not to file a Traverse.

The court tentatively summarizes the extensive, complicated procedural history of petitioner's quests thus far in state and federal court to overturn his 1983 convictions.

In February 1983, Mr. Murray was charged with felony murder and aggravated robbery for holding up a gas station and shooting the cashier. See *State v. Murray*, 302 Kan. 478, 479, 353 P.3d 1158 (Kan. 2015)(*MurrayII*). Prior to trial, defense counsel Carl Cornwell filed a motion under K.S.A. 22-3302 to determine Murray's competency to stand trial.[2] "[T]he district court found good cause for Murray to undergo a competency evaluation." See *State v. Murray*, 293 Kan. 1051-52, 271 P.3d 739 (2012)(*MurrayI*). The court granted the motion the day it was filed and ordered

---

[2]  K.S.A. 22-3302(1) provided then as it does now:

> At any time after the defendant has been charged with a crime and before pronouncement of sentence, the defendant, the defendant's counsel or the prosecuting attorney may request a determination of the defendant's competency to stand trial. If, upon the request of either party or upon the judge's own knowledge and observation, the judge before whom the case is pending finds that there is reason to believe that the defendant is incompetent to stand trial the proceedings shall be suspended and a hearing conducted to determine the competency of the defendant.

K.S.A. § 22-3302; see *MurrayI* at 1051.

Dr. William Reese, a psychologist, to examine Murray. *MurrayII* at 479. On March 28, 1983, Dr. Reese examined Mr. Murray and apparently found him competent to stand trial. Reese's report was transmitted to the trial court. However, "[t]he record is silent . . . as to whether a post-evaluation competency hearing was ever held." *MurrayI* at 1051-52;[3] *MurrayII* at 479 ("[T]he record does not reflect that the district court conducted the statutorily mandated competency hearing."). The case proceeded to trial, and Mr. Murray was convicted by a jury of felony murder and aggravated robbery. He was sentenced to concurrent terms of life and 15 years to life. In 1984 the Kansas Supreme Court (KSC) affirmed petitioner's convictions.[4]

After his conviction was affirmed, petitioner filed a series of at least four motions for post-conviction relief in state court. In his petition, he lists file dates of 1984, 1996-97, 2003, 2005, and 2009.[5] He did not raise any claim

---

[3] After trial, Cornwell again moved, but this time unsuccessfully, for a "mental examination, evaluation and report" prior to sentencing under K.S.A. 22-3429 based on Cornwell's observations that defendant "may be suffering from some psychological disorders." *Id.*; Petition, Attached Motion (Doc. 1-1) at 12. Cornwell also filed "a motion for new trial and eventually a motion for modification of sentence, neither of which challenged the court's failure to hold a competency hearing."

[4] Cornwell also represented petitioner on direct appeal, where they "alleged errors involving the district attorney being called as a witness, prosecutorial misconduct for eliciting improper testimony, and that the court erred in denying his motion to suppress introduction of his shoes which matched a footprint found behind the store." *Id.*

[5] In 2012, the KSC "reconstructed" the record in petitioner's old criminal case and found more specifically as follows. Murray filed his

regarding his competency until his third petition filed in December 2005 and then only as a ground for his claim of ineffective assistance of counsel. On review of the denial of petitioner's second 1507 motion, the KCA found:

> Here, Murray claims that he did not know Cornwell questioned his competency and did not discover this information until recently. Because of this exceptional circumstance, he could not raise the issue in his direct appeal or his first K.S.A. 60-1507 motion. However, Murray gives no explanation for his lack of knowledge. He does not assert that Cornwell's motion was missing from the record. He does not claim that something prevented him from discovering this information in time for his original K.S.A. 60-1507 motion. Not fully reading the record and not understanding the details of a case is not an "unusual event." Without providing any explanation for his lack of awareness of this issue, no exceptional circumstances apply in Murray's case.

*Murray v. State*, 172 P.3d 1221 at *1.

---

"first K.S.A. 60-1507 motion" during "the "mid-1980s and raised an ineffective assistance of counsel claim" that was "rejected by *Murray v. State*, No. 59,250, unpublished opinion filed September 17, 1987."
    Murray filed his second pro se state habeas motion on June 27, 2003. He "raised nine issues and sought a new trial." See *Murray v. State*, 105 P.3d 279, 2005 WL 283604, *1 (Kan.App. Feb.4, 2005), *rev. denied* (Kan. May 3, 2005). He did not claim that he was denied a competency hearing.
    Murray filed his "third K.S.A. 60-1507 motion" on December 28, 2005. It "finally addressed Murray's contention that he had never received a competency hearing before trial, but it did so only as a feature of his renewed ineffective assistance of counsel claim." See *Murray*, 293 Kan. at 1053; *Murray v. State*, 172 P.3d 1221, 2007 WL 4577906 *1 (Kan.App. Dec. 21, 2007), *rev. denied* (Kan. 2008). Although petitioner raised "numerous issues," the KCA found that the only arguments presented in his collateral appeal brief were in regard to "his claim that Carl Cornwell provided ineffective assistance of (trial) counsel by not following up on the issue of Murray's competency and not developing a mental defense." *Id.* The KCA affirmed the district court's summary denial. They held that the sentencing court was not required to entertain a second or successive motion under K.S.A. 60-1507 unless exceptional circumstances were shown. They found that Murray had not shown that exceptional circumstances caused him to fail to raise the issue in his first K.S.A. 60-1507 motion, and Murray had "waited 23 years before raising it." They "ruled that Murray should have raised this argument in support of ineffective assistance earlier." *MurrayI* at 1053. The KSC denied review on May 28, 2008.

4

In August 2008 petitioner filed a federal habeas corpus petition that this court dismissed for failure to exhaust.[6] *Murray v. Goddard*, 2009 WL 395195 (D.Kan. Feb. 18, 2009).

In 2009, Murray filed his fourth state petition in the form of a motion to correct illegal sentence. See *id.*; *MurrrayII*, 302 Kan. at 479. "He claimed that he first discovered his trial counsel's motion to determine his competency after he filed his second 60-1507 motion," and "that the pretrial court order to determine his competency was ignored and that he was therefore convicted and sentenced by a court lacking jurisdiction." See *MurrayI*, 293 Kan. at 741. The state district court summarily dismissed, "believing the issue had been addressed and rejected in Murray's third 60-1507 proceedings." See *id*.

Petitioner appealed, and in 2012 the Kansas Supreme Court held in *MurrayI* that the district court's summary denial of Murray's motion was error. They found that Murray had argued "for the first time that the state district court's failure to provide him a competency hearing deprived it of subject matter jurisdiction." *MurrayI*, 293 Kan. at 1051, 53. They held that "[o]nce an order to determine competency is issued, a criminal prosecution must be suspended until competency is determined,

---

[6] He argued that once a trial court issues an order for determination of competency, that court lacks jurisdiction under Kansas and federal law to proceed until issues of competency are resolved. This court dismissed that petition after the parties agreed that Murray had not exhausted his constitutional claim that the trial court acted without jurisdiction.

and that [f]ailure to suspend . . . deprives the district court of jurisdiction for trial and sentencing." *Id.* at 1053 (citing K.S.A. 22-3302(1) and *State v. Davis*, 281 Kan. 169 (2006)). They reversed and remanded "for an evidentiary hearing to determine whether Murray did or did not receive the competency hearing." *Id.* They noted that "if the district court determines that Murray did not, in fact, receive a competency hearing under K.S.A. 22-3202(1), then the statute and our holding in *State v. Davis* will compel it to grant relief." *MurrayI* at 1054.

On remand, the district court "found that a retrospective competency hearing was feasible," held an evidentiary hearing, and denied the motion to correct illegal sentence. Petitioner appealed, and the KSC ruled as follows:

> if a district court violates K.S.A. 22-3302 by proceeding with a criminal case even though a competency evaluation was ordered but the defendant's competency was never judicially determined, a meaningful retrospective competency hearing can rectify the procedural error.

*MurrayII*, 302 Kan. 478. The KSC then affirmed the district court's summary denial of Mr. Murray's motion on July 31, 2015.

Petitioner executed the instant federal petition on November 30, 2015. As the only ground in his petition, Mr. Murray claims "constructive denial of trial counsel (no lawyer and no competency hearing after ordered)" and asserts violation

of the Sixth Amendment. As supporting facts, he alleges that he "couldn't talk about any of the facts of the charge of robbery and murder due to injuries and coercion sustained 2-16-83 and 2-17-83 the day of the alleged offense."[7]

A one-year statute of limitations applies to federal habeas corpus petitions. See 28 U.S.C. § 2244(d)(1).[8] Ordinarily, the limitations period starts to run on the date that a conviction becomes "final," which is the date on which all avenues for seeking direct review have concluded. *Id.* However, Section 2254(d)(1) was not enacted until April 24, 1996. It nonetheless applies to convictions entered prior to its enactment. In such cases, the limitations period begins to run on April 24, 1996, and a petitioner has one year from that date or until April 24, 1997, in which to file his federal habeas petition. *Miller v. Marr*, 141 F.3d 976, 977 (10th Cir. 1998). The one-year limitations period began running on April 26, 1996 and ran

---

7      Mr. Murray does not always present his claims clearly.

8      28 U.S.C. § 2244(d)(1) provides as follows:

> A 1-year period of limitation shall apply to an application for writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from . . . (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review . . . .

A statutory exception exists in that the "time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation . . . ." 28 U.S.C. § 2244(d)(2).

uninterrupted until it expired on April 26, 1997.[9] Under § 2244(d)(1)(A), petitioner's conviction became "final" on April 24, 1996. Under 28 U.S.C. § 2244(d), the one-year time limit is statutorily-tolled during the time that "a properly filed application for State post-conviction or other collateral review" is pending." Petitioner does not allege and the record does not show that he filed any pertinent state post-conviction motion within the crucial one-year period. Since his first post-conviction motion was filed and concluded before the limitation period began and all his subsequent state post-conviction motions were filed after it had already expired, he does not appear to be entitled to any statutory tolling for his state post-conviction motions. At first blush then, it plainly appears that the federal statute of limitations in Mr. Murray's case expired 18 years ago.

However, the one-year statute of limitations applicable to federal habeas corpus petitions is not jurisdictional and is subject to equitable tolling in appropriate cases. *Holland v. Florida*, 560 U.S. 631, 645 (2010). Thus, even if the statute of limitations expired in this case on April 26, 1997 and even if

---

[9]   See Fed.R.Civ.P. 6(a)("In computing any period of time . . . the day of the act, event, or default from which the designated period of time begins to run shall not be included."); *United States v. Hurst*, 322 F.3d 1256 (10th Cir. 2003)(holding that one-year limitation period under § 2244(d)(1) expires on anniversary date of the triggering event). If the limitation period expired on a Saturday or Sunday, a federal habeas petition is not due until the following Monday. *Id.*

petitioner is not entitled to additional statutory tolling, he could still pursue this action in federal court if he can show that he is entitled to equitable tolling. The United States Supreme Court has "made clear that a 'petitioner' is 'entitled to equitable tolling' only if he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Holland*, 560 U.S. at 649 (citing *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)); see *Marsh v. Soares*, 223 F.3d 1217, 1220 (10th Cir. 2000), *cert. denied,* 531 U.S. 1194 (2001)(Equitable tolling "is only available when an inmate diligently pursues his claims and demonstrates that the failure to timely file was caused by extraordinary circumstances beyond his control."). In the habeas corpus context, equitable tolling has thus been limited to "rare and exceptional circumstances." *Gibson v. Klinger,* 232 F.3d 799, 800 (10th Cir. 2000). The Tenth Circuit has stated that equitable tolling "would be appropriate, for example, when a prisoner is actually innocent, when an adversary's conduct--or other uncontrollable circumstance--prevents a prisoner from timely filing, or when a prisoner actively pursues judicial remedies but files a defective pleading during the statutory period." *Id.; Burger v. Scott*, 317 F.3d 1133, 1141 (10th Cir. 2003). "Simple excusable neglect is not sufficient." *Gibson*, 232 F.3d at 808.

On the other hand, a petitioner claiming newly discovered evidence may be able to establish a later start day for the federal limitation period. Under 28 U.S.C. § 2244(d)(1)(D) if the petitioner adequately alleges newly discovered evidence, the one-year limitation period starts on "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." *Id.*; see *McQuiggin v. Perkins*, 133 S.Ct. 1924, 1929 (2013). Mr. Murray claims in his petition that he newly discovered the following evidence many years after his 1983 conviction: defense counsel's request for a competency hearing, the trial court's order for a competency evaluation, Dr. Reese's report, and the court's failure to hold a competency hearing. In the space provided on his form 2254 application for explaining why his petition was not filed within the one-year statute of limitations, Mr. Murray alleges as follows. He first learned of the order for a competency hearing in 2005 "after the appeal of a 60-1507." He had attempted numerous times without success to obtain a copy of the psychologist's report from the clerk of the court prior to filing his 60-1507 motion but received no response.[10] He first raised claims based on the denial of a

---

[10] Among the exhibits attached to his petition, Murray provides a copy of a Motion for Permission" that he filed in October 2015 in the KSC (Appeal Case No. 110,214) in which he sought to include 8 exhibits. See Petition (Doc. 1-1) pg. 3 (hereinafter "Petition"). This was after the KSC had denied his appeal on July 31, 2015. He alleged that he "sent the clerk of court

10

competency hearing in his 2005 state petition. The 1983 psychological report was produced for the first time by attorneys at the 2013 retrospective competency hearing. He further alleges that at his hearing after the KSC remand, no one spoke of having a retrospective competency hearing and that the hearing was first described as such in the judge's subsequent decision.[11] Petitioner then asserts denial of due process in

---

request letters" in November 2005, twice in January 2006, and again in March 2006 "seeking the results of such psychological exam" but never received a response.

In his prior federal application filed in 2008, Murray likewise claimed that before he filed any petitions, he made "several requests to the state court clerk "for all the records pertaining to his conviction" but "several documents" were omitted or denied, "including materials relating to his incompetency." He specifically refers to "motions and order of competency hearing," and alleges these documents were "only made available for the first time in 2004" to his court-appointed appellate attorney and received by him in 2005 from that attorney "at the conclusion" of his first 1507 petition. He alleges that he then immediately filed his second 1507 petition "asserting the discovery of new evidence," but was not given the opportunity to present this claim. Petitioner did raise this claim in his second 1507 motion.

[11] As noted, Murray's copy of his "Motion for Permission" filed in October 2015 in the KSC sought to include 8 exhibits. See *id*. In this motion, he also alleged that he had been "misled" as to the purpose of the 2013 KSC mandated hearing. He further alleged that he was misled by counsel that the court "had to go by the mandate" and was thus unprepared to call witnesses as to competency and to rebut the psychological report. This motion was returned to Murray because he was represented by counsel and the matter was proceeding on counsel Well's Motion for Rehearing.

In another attached exhibit, Murray stated the following in a letter dated June 27, 2013, to his newly-appointed counsel Wells: "At the evidentiary hearing January 31, 2012, in Wyandotte County before Judge Lampson, all witnesses testified that a hearing did not occur. . . . Nothing was ever brought up about having a retrospective competency hearing at the evidentiary hearing on remand." Petition at 13. He further stated that his prior attorney "Robert DeCoursey would not allow . . . mention of" competency because the hearing "was to determine if a competency hearing was held" not to determine whether Murray "was then competent to stand trial." Murray was not present for the competency hearing and was not given the opportunity to present evidence. In this letter, he also told Wells that the psychological report was not produced until "days before" the January 31, 2013 hearing and that he saw it for the first time at this hearing. *Id*. Wells filed a Motion

11

that he was not given advance notice that the purpose of the 2013 state hearing would be to determine the feasibility of a retrospective competency hearing. He also claims that he was denied counsel and his right to present witnesses, including his mother who was present to testify, and the opportunity to present any evidence on incompetency or feasibility.

28 U.S.C. § 2254(b)(2) provides that: "[a]n application for a writ of habeas corpus "may be denied on the merits, notwithstanding the failure of the application to exhaust the remedies available in the courts of the State." The court can surely also deny a § 2254 petition on the merits,

---

for Rehearing that alleged the following in support. The order of remand was issued on March 29, 2012 to the Wyandotte County District Court "for a specific purpose," which was to determine "whether Murray did or did not receive the competency hearing." The KSC stated that "If the district court determines that Murray did not, in fact, receive a competency hearing under K.S.A. 22-3302(1), then the statute and a holding in *Davis*, will compel it to grant relief." *Id.* at 7. On January 31, 2013, the district court held an evidentiary hearing to answer the question of whether or not Murray had received a competency hearing. The State presented evidence including the testimony of Dr. Reese who had conducted the examination of Murray on March 28, 1983. Other witnesses included Mr. Murray's attorney and several former members of the Wyandotte County District Attorney's Office. The district court denied Murray's motion. The court stated in its order that there was no record of a hearing having been held and neither trial counsel nor the prosecutor "had any independent recollection of a hearing" or "could recall if a hearing took place or not." The court then found that nonetheless there was abundant evidence in support of finding that the defendant was competent at the time of trial. *Id.* at 8. Murray argued in his motion for rehearing that he and his counsel had relied upon the KSC order of remand and that the district court denied due process in its evidentiary hearing on remand when it failed to follow the "explicit directive" in the remand order to conduct a hearing on the threshold issue of whether a competency hearing was ever held and instead without prior notice conducted a full-blown retrospective evidentiary hearing. Murray argued that as a consequence, he and his counsel were totally unprepared to conduct a retrospective hearing from his perspective and to put on evidence including witnesses relevant to the issue of feasibility. He thus contended that he was not provided a fair competency hearing in violation of due process. The KSC denied petitioner's Motion for Rehearing in November 20, 2015.

notwithstanding its untimeliness.[12] The standards in federal court for relief on the merits of habeas claims by state prisoners are extremely difficult to satisfy. 28 U.S.C. § 2254(d) bars federal habeas corpus review of "any claim that was adjudicated on the merits in State court proceedings," unless the state-court decision "was contrary to, or involved an unreasonable application of, clearly established Federal law." *Kernan v. Hinojosa*, 84 U.S.L.W. 4284 (May 16, 2016)(quoting 28 U.S.C. § 2254 (d)(1),(2)). Thus, in order to obtain federal habeas corpus relief, the petitioner must allege facts suggesting that the state court's decision was a "conclusion opposite to that reached by (the United States Supreme Court) on a question of law," or was decided "differently than (the Supreme Court) has on a set of materially indistinguishable facts," or that the state court identified the correct governing legal principle from (the Supreme Court's) but unreasonably applied that principle to the facts of petitioner's case. *Williams v.* Taylor, 529 U.S. 362, (2000).

"It is well established that the Due Process Clause of the Fourteenth Amendment prohibits the criminal prosecution of a defendant who is not competent to stand trial." *Medina v. California*, 505 U.S. 437, 439 (1992)(citing *Drope v. Missouri*,

---

[12] This does not mean that the federal court could grant a Section 2254 habeas petition on the merits that was time-barred except perhaps upon a claim of actual innocence.

420 U.S. 162 (1975); *Pate v. Robinson*, 363 U.S. 375 (1966)). The test for incompetence is well settled. A defendant may not be put to trial unless he "has sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding" and "a rational as well as factual understanding of the proceedings against him." *Dusky v. United States*, 362 U.S. 402, 402 (1960)(per curiam); *Cooper v. Oklahoma*, 517 U.S. 348, 354-56 (1996). The State has a "due process obligation of providing a defendant access to procedures for making a competency evaluation." *Medina*, 505 U.S. at 438. A defendant whose competency is in doubt cannot be deemed to have waived his right to a competency hearing. *Pate v. Robinson*, 383 U.S. 375, 384 (1966). The failure of a defendant to receive an adequate hearing on his competence to stand trial warrants habeas corpus relief. The Supreme Court long ago discussed a case with some similar circumstances to Mr. Murray's and reasoned as follows:

> It has been pressed upon us that it would be sufficient for the state court to hold a limited hearing as to Robinson's mental competence at the time he was tried in 1959. If he were found competent, the judgment against him would stand. But we have previously emphasized the difficulty of retrospectively determining an accused's competence to stand trial. *Dusky v. United States*, 362 U.S. 402 [] (1960). The jury would not be able to observe the subject of their inquiry, and expert witnesses would have to testify solely from information contained in the printed record. That Robinson's hearing would be held six years after the fact aggravates these difficulties. This need for concurrent determination distinguishes the present case from *Jackson v. Denno*,

14

> 378 U.S. 368 (1964), where we held that on remand the State could discharge its constitutional obligation by giving the accused a separate hearing on the voluntariness of his confession.

*Pate*, 383 U.S. at 387 (1966).

The court directs both parties to address the following special questions:

1. Can petitioner prove that he is entitled to a later start date of the federal statute of limitations under 28 U.S.C. § 2244(d)(1)(D) based on his allegations of newly-discovered evidence and, if so what is that start date?

2. If petitioner cannot prove a later start date, can he nonetheless prove that he is entitled to equitable tolling and enough tolling to make this petition timely filed?

3. Should this petition be decided on the merits even if the timeliness issue is not resolved or the petition is found to be timely?

4. Did petitioner's state trial proceedings having to do with his competency or the retrospective procedure used by the state courts to determine his competency violate established Supreme Court precedent?

5. Is an evidentiary hearing warranted to resolve any of the issues presented in this case? See HC Rule 7. "If an evidentiary hearing is warranted, the judge must appoint an

attorney to represent a petitioner who qualifies to have counsel appointed under 18 U.S.C. § 3006A." HC Rule 8(c).

Based on the foregoing screening and authorities, the court enters the following findings and order:

1. Petitioner is presently in the custody of the State of Kansas;

2. Petitioner demands his States, and he claims that he has exhausted all remedies afforded by the State of Kansas.

**IT IS THEREFORE BY THE COURT ORDERED** that petitioner's Motion for Leave to Proceed in forma pauperis (Doc. 2) is granted.

**IT IS FURTHER ORDERED** that:

1. Respondent shall show cause, in writing, to the assigned judge within thirty (30) days from the date of this order why the writ should not be granted.

2. That the response should present:

    (a) The necessity for an evidentiary hearing on each of the grounds alleged in petitioner's pleading; and

    (b) An analysis of each of said grounds and any cases and supporting documents relied upon by respondent in opposition to the same.

    (c) Responses to and a brief on the court's special questions and authorities set forth above.

3. Respondent shall cause to be forwarded to this court for examination and review the following:

the records and transcripts, if available, of the state proceedings complained of by petitioner; if a direct appeal of the judgment of the trial court was taken by petitioner, respondent shall furnish the records, or copies thereof, of the appeal proceedings.

Upon the termination of the proceedings herein, the clerk of this court will return to the clerk of the proper state court all such state court records and transcripts.

4. That petitioner is granted twenty (20) days after receipt by him of a copy of respondent's answer and return to file a traverse thereto, admitting or denying, under oath, all factual allegations therein contained and in which to file his responses to the court's special questions.

5. That the clerk of the court shall then forward this file to the assigned judge for such other and further proceedings as may be appropriate; and that the clerk of the court shall transmit copies of this order to petitioner and to the office of the Attorney General for the State of Kansas.

**IT IS FURTHER ORDERED** that the screening process under HC Rule 4 having been completed, this matter is returned to the clerk of the court for random reassignment for all further proceedings pursuant to D. Kan. R. 40.1.

**IT IS SO ORDERED.**

**This 31st day of October, 2016, in Topeka, Kansas.**

                                              **s/Sam A. Crow**
                                              **U. S. Senior District Judge**