# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

RANDALL ALLEN MURRAY,

    *Petitioner,*

vs.

WARDEN, ELLSWORTH
CORRECTIONAL FACILITY,

    *Respondent.*

Case No. 15-3262-EFM

## MEMORANDUM AND ORDER

Before the Court is Petitioner Randall Murray's Petition for Writ of Habeas Corpus (Doc. 1) seeking post-conviction relief. For the following reasons, Murray's petition is denied.

### I.  Factual and Procedural Background

Murray is currently serving concurrent sentences of life and 15 years to life at Ellsworth Correctional Facility. In 1983, Murray was convicted in Wyandotte County, Kansas of first degree felony murder and aggravated robbery. Prior to trial, Murray's counsel filed a motion to determine competency under K.S.A. § 22-3302(1). The district judge found "good cause" to grant the motion and ordered Dr. William Reese to evaluate Murray's ability to stand trial. Dr. Reese examined Murray and wrote in his report that Murray was competent; however, the record does not show the trial court held the required post-examination competency hearing.

Nevertheless, the criminal case proceeded to trial where the jury convicted Murray. The Kansas Supreme Court affirmed Murray's conviction and sentence on direct appeal.

Over the next couple decades, Murray filed a series of habeas corpus motions under K.S.A. § 60-1507 in state court. Murray filed his first § 60-1507 motion in the mid-1980s and raised an ineffective assistance of counsel claim that was rejected by the district judge in an unpublished opinion. In 2003, Murray filed a second § 60-1507, which was likewise rejected. In 2005, more than twenty years after his conviction, Murray filed a third § 60-1507 motion. This motion was the first time Murray mentioned his competency at trial, and the issue was only raised in a peripheral manner. Once again, the district court dismissed Murray's claim, the Kansas Court of Appeals affirmed, and the Kansas Supreme Court denied review.

Then, in August 2008, Murray filed a motion with this Court for the first time, seeking federal habeas corpus relief under 28 U.S.C. § 2254. Murray sought relief on the basis of the state court's failure to hold a competency hearing. However, because Murray never directly raised the competency issue in any of his habeas motions in state court, the Court dismissed Murray's petition without prejudice for failing to exhaust available state court remedies.[1]

Murray then returned to state court where he filed a motion to correct an illegal sentence pursuant to K.S.A. § 22-3504(1). Murray's motion was based on the trial judge's failure to hold a competency hearing. The district court summarily dismissed the motion—however, on appeal the Kansas Supreme Court reversed and remanded for an evidentiary hearing to determine if Murray did or did not receive the post-examination competency hearing.

---

[1] *See Murray v. Goddard*, 2009 WL 395195, at *4 (D. Kan. 2009).

Upon remand, the state trial court concluded: "(1) a competency hearing had not been conducted; (2) a retrospective competency hearing was feasible; and (3) Murray had been competent when tried and convicted."[2] The court found Murray to be competent relying largely on Dr. Reese's written record from his examination of Murray. Once again, Murray appealed to the Kansas Supreme Court. He argued the district court exceeded the Kansas Supreme Court's instructions by conducting a retrospective competency hearing and, in the alternative, that the district court incorrectly determined a retrospective competency hearing was feasible.

The Supreme Court rejected both of Murray's arguments and upheld the conviction. The Supreme Court first held that the district court did not exceed the instructions on remand. Additionally, the Supreme Court held "the district court did not err in determining the retrospective competency hearing could rectify the procedural due process error in Murray's underlying case."[3]

Having exhausted his available state court remedies, Murray filed a second § 2254 petition with this Court. Pursuant to Rule 4 of the Rules Governing Section 2254 Cases, this Court issued a screening order on October 31, 2016.[4] This Court held that Murray's § 2254 petition is governed by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), which contains a one-year statute of limitations.[5] For criminal convictions that occurred prior to

---

[2] *See State v. Murray*, 302 Kan. 478, 353 P.3d 1158, 1159 (2015) (summarizing the lower court's decision); *see also State v. Davis*, 281 Kan. 169, 130 P.3d 69, 78 (2006) (finding that "under certain circumstances" a court may conduct a retrospective competency hearing to remedy the failure to conduct a competency hearing under K.S.A. § 22-3302), *abrogated on other grounds by State v. Ford*, 302 Kan. 455, 353 P.3d 1143 (2015).

[3] *Murray*, 353 P.3d at 1165 (utilizing a five-factor test from *McGregor v. Gibson*, 248 F.3d 946 (10th Cir.) to determine if a retrospective competency hearing was feasible).

[4] *See* Doc. 5, at 1.

[5] *Id.*, at 7 (citing 28 U.S.C. § 2244(d)(1)).

the AEDPA's enactment—which is the case here—the one-year limitations period begins to run when the AEDPA went into effect, which was April 24, 1996.[6]

This Court held that Murray is not entitled to statutory tolling and that "it plainly appears" Murray's § 2254 claim is barred by the statute of limitations. Nevertheless, this Court ordered the parties to answer special questions before ruling on Murray's petition, including whether the statute of limitations should have a later start date due to newly discovered evidence or whether the statute of limitations should be equitably tolled.[7]

## II.   Discussion

### A.   Evidentiary Hearing

Murray requested an evidentiary hearing with the Court. However, "an evidentiary hearing is unnecessary if the claim can be resolved on the record."[8] In this case, Murray's claims can be resolved based on the state records, so an evidentiary hearing is unnecessary.

### B.   Statute of Limitations

The Court considers whether Murray's § 2254 petition is timely. As this Court previously stated, Murray's § 2254 petition is barred by the statute of limitations unless the start date for the statute of limitations can be postponed or equitably tolled. Under 28 U.S.C. § 2254(d)(1), the one-year statute of limitations begins to run from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

---

[6] *Id.* (citing *Miller v. Marr*, 141 F.3d 976, 977 (10th Cir. 1998).

[7] In the event that Murray's petition is timely, the Court also directed Respondent to address the petition on the merits.

[8] *Anderson v. Attorney Gen. of Kansas*, 425 F.3d 853, 859 (10th Cir. 2005) (citation omitted).

-5-

> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) *the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.* (Emphasis added).

In interpreting § 2254(d)(1)(D), the Tenth Circuit "defined due diligence as an objective standard that refers to when a plaintiff could have discovered the pertinent facts, not when [the plaintiff] actually discovered them."[9] Information that is available in the record is discoverable through the exercise of due diligence.[10]

Here, Murray claims he first learned in 2005 that his counsel requested a competency evaluation, the trial court ordered the evaluation, Dr. Reese created a report on his competency, and the trial judge failed to hold a post-evaluation competency hearing. However, when Murray actually discovered the facts supporting his claim is immaterial. Instead the Court must evaluate—using an objective standard—when Murray could have discovered the necessary facts through the exercise of due diligence. Murray's motion for a competency evaluation, the trial court's order granting that motion, and Dr. Reese's medical report are all available in the state court's record. Murray could have discovered through the exercise of due diligence that his

---

[9] *Madrid v. Wilson*, 590 F. App'x 773, 776 (10th Cir. 2014) (internal citations and quotations omitted); *see also May v. Kansas*, 2013 WL 6669093, at *2 (D. Kan. 2013) ("Contrary to petitioner's presumption, the date on which he actually discovered the factual predicate for his claim(s) is not the start date under subsection (D). Instead, the start date under subsection (D) is the date on which he 'could have discovered' the factual predicate.").

[10] *See May*, 2013 WL 6669093, at *2 (concluding—after the petitioner argued the court's journal entry erroneously stated that his sentences were to be served concurrently—that the petitioner could have discovered the factual predicate for his claim because he had been present at his sentencing and the erroneous journal entry was available in the record).

competency had been challenged. A review of the record would have also informed Murray that the required post-examination hearing never occurred.

The factual predicate for Murray's claim was discoverable before his trial, conviction, and sentence in 1983. Thus, the statute of limitations began to run on the April 24, 1996 when the AEDPA took effect and expired on April 24, 1997.

The Court next considers whether the statute of limitations can be equitably tolled. The AEDPA's one-year statute of limitations is not jurisdictional;[11] therefore, the statute of limitations can be equitably tolled in "rare and exceptional circumstances."[12] "To qualify for equitable tolling, a petitioner must demonstrate (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing."[13] There is a "strong burden" on the petitioner to "show specific facts to support his claim of extraordinary circumstances and due diligence."[14]

Examples of extraordinary circumstances include: "when a prisoner is actually innocent, when an adversary's conduct—or other uncontrollable circumstances—prevents a prisoner from timely filing, or when a prisoner actively pursues judicial remedies but files a deficient pleading during the statutory period. In addition, an attorney's misconduct or egregious behavior may also create an extraordinary circumstance that warrants equitable tolling."[15]

---

[11] *Faircloth v. Raemisch*, 692 F. App'x 513, 522 (10th Cir. 2017) (internal citations omitted).

[12] *Id.*

[13] *Alvarado v. Smith*, 2017 WL 4924660, at *2 (10th Cir. 2017) (quoting *Holland v. Florida*, 560 U.S. 631, 649 (2010)).

[14] *Id.* (citing *Yang v. Archuleta*, 525 F.3d 925, 928 (10th Cir. 2008)).

[15] *Faircloth*, 692 F. App'x at 522 (internal quotations and citations omitted).

Here, Murray has not alleged with specificity any extraordinary circumstances that prevented him from timely filing his petition. Murray certainly claims his legal representation was deficient, but mere negligence is not an extraordinary circumstance warranting equitable tolling. Murray also makes a general claim of coercion without adequately supporting that claim with specific facts. Lastly, Murray indicates he is claiming actual innocence—which is also an exception to § 2244(d)'s statute of limitations—but he again offers no specific facts to meet the highly demanding standard to show actual innocence.[16] Murray therefore has not satisfied his strong burden to support his claim of extraordinary circumstances.

Thus, the Court holds that Murray's § 2254 is not entitled to equitable tolling. The statute of limitations has lapsed on his claim, and it is therefore unnecessary for the Court to consider Murray's petition on the merits. Murray's petition for habeas corpus is denied.

## C. Certificate of Appealability

Rule 11 of the Rules Governing Section 2254 Proceedings requires the Court to issue or deny a certificate of appealability ("COA") when it enters a final order adverse to a petitioner. Under 28 U.S.C. § 2253(c)(2)–(3), the Court may issue a COA "only if the applicant has made a substantial showing of the denial of a constitutional right," and the Court "indicate[s] which specific issue or issues satisf[ies] [that] showing." If the Court denies a COA, Murray may not appeal the denial of a certificate, but he may seek a COA from the Tenth Circuit.[17]

---

[16] *See McElhaney v. Bear*, 2017 WL 3530341, at *2 (10th Cir. 2017) ("Actual innocence means factual innocence, not mere legal insufficiency. Prisoners asserting innocence must establish that, in light of new evidence, it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt. The actual-innocence standard is demanding and permits review only in the extraordinary case.") (internal citations and quotations omitted).

[17] Rules Governing Section 2254 Cases, Rule 11(a).

When a petition is dismissed on procedural grounds, "a COA cannot issue unless the petitioner shows both (1) that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and (2) that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."[18]

Here, the Court concludes that Murray is not entitled to a COA. Nothing suggests that the Court's ruling in this case is debatable or incorrect, and no record authority suggests that the Tenth Circuit would resolve this case differently. The Court thus declines to issue a COA. In doing so, the Court notes that Murray may not appeal the Court's denial of a certificate, but he may seek a COA from the Tenth Circuit.

**IT IS THEREFORE ORDERED** that Petitioner Randall Murray's Petition for Writ of Habeas Corpus (Doc. 1) is **DENIED**.

**IT IS SO ORDERED**.

Dated this 17th day of November, 2017.

*Eric F. Melgren*
ERIC F. MELGREN
UNITED STATES DISTRICT JUDGE

---

[18] *Peterson v. Kansas*, 2016 WL 7373881, at *6 (D. Kan. 2016) (internal quotations omitted) (citing *Frost v. Pryor*, 749 F.3d 1212, 1230–31 (10th Cir. 2014)).